IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TERRY W. CHELGREN, | ) |
| | ) |
| Plaintiff, | ) Case No. 07 C 6931 |
| | ) |
| v. | ) |
| | ) |
| SOUTH HOLLAND SCHOOL DISTRICT #150, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S MEMORANDUM OF LAW
IN SUPPORT OF RULE 12(b)(6) MOTION TO DISMISS**

NOW COMES Defendant, SOUTH HOLLAND SCHOOL DISTRICT #150 (the "District"), by its counsel, Lanting, Paarlberg & Associates, Ltd., and for its Memorandum of Law in Support of its Rule 12(b)(6) Motion to Dismiss Plaintiff's Complaint, states the following:

**STANDARD OF REVIEW**

Dismissal under Rule 12(b)(6) is proper only if the plaintiff could prove no set of facts in support of his claims that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957); *Veazey v. Communications & Cable of Chi., Inc.*, 194 F.3d 850, 854 (7th Cir. 1999). A complaint is properly dismissed under Rule 12(b)(6) if, taking all facts alleged by the plaintiff to be true and construing all inferences in favor of the plaintiff, the plaintiff has failed to state a claim on which relief can be granted. *Pleva v. Norquist,* 195 F.3d 905, 911 (7th Cir. 1999).

**ARGUMENT**

**Plaintiff has failed to state a claim on which relief can be granted**

Plaintiff, Terry W. Chelgren ("Chelgren"), brings her claim against the District for violation of her rights, as secured by 42 U.S.C. § 1981. (Plaintiff's Complaint, ¶ 2.)  As alleged by Chelgren, the District is an Illinois municipal corporation, a unit of local government incorporated under the laws of the State of Illinois.  (Plaintiff's Complaint, ¶ 5.)

The United States Supreme Court has long held that § 1981 does not, by itself, provide a right of action against local government, but that such claims must be asserted pursuant to the remedial provisions of 42 U.S.C. § 1983.  See *Jett v. Dallas Independent School District*, 491 U.S. 701, 735 (1989) ("We hold that the express 'action at law' provided by § 1983 for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws,' provides the exclusive federal damages remedy for the violation of the rights guaranteed by § 1981 when the claim is pressed against a state actor.")  Chelgren's complaint against the District makes no mention of § 1983 and does not pretend to make any allegations necessary to state such a claim.  Instead, Chelgren relies solely on § 1981 as the basis for her action against the District.

For the reasons set forth above, Plaintiff's Complaint fails to state a claim on which relief can be granted and should be dismissed.

                                        Respectfully submitted,

                                        SOUTH HOLLAND SCHOOL
                                        DISTRICT #150

                               By:    <u>s/ Russell T. Paarlberg</u>

Lanting, Paarlberg & Associates, Ltd.
Attorney for Defendant
16230 Louis Ave.
South Holland, IL  60473
708-339-1070
ARDC No. 3127576