IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **TERRY W. CHELGREN,**<br><br>        **Plaintiff,**<br><br>v.<br><br>**SOUTH HOLLAND SCHOOL DISTRICT #150,**<br><br>        **Defendant.** | Case No. 07 C 6931<br><br>Hon. Rebecca R. Pallmeyer<br> Judge Presiding<br><br>Magistrate Judge Brown |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S RULE 12(b)(6) MOTION TO DISMISS**

Plaintiff, TERRY W. CHELGREN, by and through her counsel, LISA KANE & ASSOCIATES, P.C., respectfully submits her Memorandum of Law in Opposition to Defendant's Rule 12(b)(6) Motion to Dismiss. For the reasons set forth herein, Plaintiff respectfully requests that this Court deny Defendant's motion in its entirety.

## INTRODUCTION

Plaintiff, a Caucasian, began working for Defendant in August 1994 as a Library Aide and was promoted to the position of Librarian two years later. (Complaint at ¶¶4, 7.) During the course of her employment, Plaintiff met or exceeded Defendant's reasonable expectations, as evidenced by Plaintiff's performance evaluations and Defendant's annual renewal of her position as Librarian throughout her employment. (Complaint at ¶8.)

During Plaintiff's successful ten (10) year tenure as Librarian, Defendant never requested that Plaintiff undergo an interview or submit a resume to renew her contract. (Complaint at ¶¶ 9, 10.) However, in April 2006, Defendant required Plaintiff to submit a resume and participate in an interview in order to maintain her position as Defendant school's librarian. (Complaint at ¶9.)

During the interview conducted by George Harris ("Principal Harris"), the African-American Principal of McKinley Elementary and Junior High School, and Michelle Coleman ("Vice Principal Coleman"), the African-American Vice-Principal, Defendant informed Plaintiff of a state requirement mandating that the Librarian possess a Library Sciences degree. (Complaint at ¶11.) Defendant refused to consider Plaintiff's application for the position despite Plaintiff's representation that she was willing to pursue this degree at her own expense. (Complaint at ¶¶12-13.) In actuality, Plaintiff's demonstrated willingness to pursue the required Library Science degree was sufficient to satisfy the state requirement. (Complaint at ¶¶12-13.) Nevertheless, Defendant demoted Plaintiff to the position of Library Aide, which is compensated significantly less than that of a Librarian, for the purported reason of her lack of a Library Sciences degree. (Complaint at ¶14.)

Defendant replaced Plaintiff with Bernetta Smith ("Librarian Smith"), an African-American employee with little or no relevant experience managing a school library. (Complaint at ¶15.) Librarian Smith never tendered Defendant a Library Science degree certificate, despite Defendant's requirement of Plaintiff that she produce evidence of such a degree. (Complaint at ¶15.)

In the 2006-2007 school year, Librarian Smith demonstrated her inability to perform even the most basic tasks and responsibilities. (Complaint at ¶16.) As a result of Librarian Smith's inability to complete the responsibilities of the Librarian position, Plaintiff was forced to perform both the roles of Librarian and Library Aide. (Complaint at ¶17.) Further, during the 2006-2007 school year, allegations arose of Librarian Smith's misappropriation of $600.00 from a scholastic book fair, which resulted in Librarian Smith reimbursing the school for the misappropriated funds following an investigation. (Complaint at ¶20.)

Following the 2006-2007 school year, Defendant underwent its annual process of

determining whether to renew the contracts of its employee's or seek replacements. (Complaint at ¶21.) Plaintiff met with Vice Principal Coleman and informed Vice Principal Coleman of her desire to be reappointed to the position of Librarian. (Complaint at ¶22.) In response, Vice Principal Coleman instructed Plaintiff to pursue a library sciences degree, which she agreed to do. (Complaint at ¶22.) Following this, Defendant discovered that Librarian Smith did not possess a Library Sciences degree and had falsified her resume to the school, which is cause for immediate termination. (Complaint at ¶¶23-24.)

Despite Librarian Smith's poor performance in the Librarian position, the discovery of her falsified resume, the allegations regarding misappropriation of funds and the revelation that she lacked a Library Sciences degree, Defendant renewed Librarian Smith's contract as Librarian and again relegated Plaintiff to the position of Library Aide. (Complaint at ¶¶15-20, 23-24.) Evidencing her inability to complete the duties and responsibilities of the Librarian position, on December 3, 2007, Librarian Smith resigned her position of employment with Defendant. (Complaint at ¶27.) As demonstrated below, Defendant's arguments are without merit and Plaintiff is entitled to pursue her cause of action under 42 U.S.C. § 1981.

## ARGUMENT

**I.     Standard of Review**

Federal Rule of Civil Procedure 8(a) establishes a system of notice pleading, requiring only that the plaintiff provide the defendant with "fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); see Cannella v. Cordell Enters., 980 F. Supp. 272, 273 (N.D. Ill. 1997). Where notice pleading is sufficient, a complaint cannot be dismissed under Rule 12(b)(6) unless no relief may be granted

"under any set of facts that could be proved consistent with the allegations." Id. Notice pleading allows for a limited set of facts in the complaint:

> Whether language in a complaint 'can be interpreted' as deficient is immaterial. . . . complaints are construed favorably to their drafters. . . . A complaint need not narrate all relevant facts or recite the law; all it has to do is set out a claim for relief. . . . A plaintiff need not put all the essential facts in the complaint. . . . A court should ask whether relief is possible under any set of facts that could be established consistent with the allegations.

Cannella, 980 F. Supp. at 273. On a motion to dismiss, this Court must focus on the issue of whether the plaintiff remains "entitled to offer evidence to support the claims," rather than whether the plaintiff will ultimately prevail. Cole v. U.S. Capital, Inc., 389 F.3d 719, 724 (7th Cir. 2004). Furthermore, this Court should read a complaint liberally and "accept[] as true all well-pleaded factual allegations in the complaint, and draw[] all reasonable inferences therefrom in the plaintiff's favor." Lutheran Gen. Hosp. v. Wendy's Int'l Inc., 959 F. Supp. 501, 502-503 (N.D. Ill. 1997). "Any ambiguities are likewise resolved in the plaintiff's favor." Koenig v. Waste Mgmt., Inc., 76 F. Supp. 2d 908, 912 (N.D. Ill. 1990).

**II.     Plaintiff Is Entitled to Pursue Her Claim Under 28 U.S.C. § 1981**

In making its argument, Defendant relies exclusively on Jett v. Dallas Independent School District, 491 U.S. 701 (1989), a case that predates the Civil Rights Act of 1991. See Def. Mem. at 1-2. Defendant fails to address the substantial authority in both the Northern District and in other Circuits which stand for the proposition that Jett has been overturned by an amendment to § 28 U.S.C. 1981(c), found in the Civil Rights Act of 1991.

The Ninth Circuit found in Federation of African American Contractors v. Oakland, 96 F.3d 1204 (9th Cir. 1996) that the amended § 1981(c) implies a direct cause of action against state actors after applying the four factor modern implied remedy doctrine announced by the Supreme Court in

4

Cort v. Ash, 422 U.S. 66, 78 (1975). See Federation, 96 F.3d 1204 at 1210-14. In applying this test, the Court relied on the statutory language of the amended § 1981, legislative history, Congressional intent, and found no federalism concerns. Id. The Court held that the amended 42 U.S.C. § 1981 "contains an implied cause of action against state actors, thereby overturning Jett's holding that 42 U.S.C. § 1983 provides the exclusive federal remedy against state actors for the violation of rights under 42 U.S.C. § 1981." Id.

Multiple Courts in the Northern District have relied on the Ninth Circuit's reasoning in Federation in finding that Congress created a direct cause of action under § 1981 against governmental entities when it amended § 1981(c) in 1991. See Yohannan v. Patla, 971 F. Supp. 323, 327 (N.D. Ill. 1997) (Aspen, C.J.) (Finding that the 1991 amendment to § 28 U.S.C. 1981(c) allows for a cause of against state actors); Jackson v. City of Chicago, 1996 U.S. Dist. LEXIS 19308 at *29-*30 (N.D. Ill. Dec. 18, 1996) (Castillo, J.) (Attached as Exhibit A); Jefferson v. City of Chicago, 1999 U.S. Dist. LEXIS 2433 at *9 (N.D. Ill. Fe. 26, 1999) (Williams, J.) (Attached as Exhibit B); Simmons v. Chicago Board of Education, 2000 U.S. Dist. LEXIS 16795 at *15-*17 (N.D. Ill. Nov. 15, 2000) (Darrah, J.) (Agreeing with the analysis of Yohannan, Jackson and Jefferson in finding that the 1991 amendment to § 1981(c) overturned Jett.) (Attached as Exhibit C).

## CONCLUSION

In passing the Civil Rights Act of 1991, Congress created a direct cause of action against governmental entities. This Court should follow the multiple decisions of the Northern District agreeing with the Circuit in Federation and hold that Congress' amendment to § 1981(c) overturned Jett. Based on the specific allegations of her Complaint, Plaintiff presents actionable claims of race discrimination pursuant to 42 U.S.C. § 1981. Defendant's exclusive reliance Jett, which has been

overruled by statute, is therefore misplaced. Plaintiff respectfully requests that this Court deny Defendant's Rule 12(b)(6) Motion to Dismiss in its Entirety.

                Respectfully Submitted,

                TERRY W. CHELGREN

                s/Lisa Kane
                Lisa Kane, Attorney for Plaintiff

LISA KANE & ASSOCIATES
Attorneys for Plaintiff
120 South LaSalle Street, Suite 1420
Chicago, IL 60603
(312) 606-0383
Attorney Code No. 06203093