# Exhibit B

LEXSEE 1999 U.S. DIST. LEXIS 2433

**EMMETT JEFFERSON, Plaintiff, v. CITY OF CHICAGO, BUREAU OF WATER OPERATIONS; FRANCIS BLAKE, Deputy Commissioner; JAMES HALL, Engineer of Water Pumping; JOSEPH BUSKING, Acting Chief Operating Engineer; and MICHAEL SULEWSKI, Employee Relations Supervisor., Defendants.**

**Case No. 97 C 4895**

**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

*1999 U.S. Dist. LEXIS 2433*

**February 24, 1999, Decided**
**February 26, 1999, Docketed**

**DISPOSITION:**     [*1] Defendants' motion to dismiss [docs. 35-1, 36-1] granted in part and denied in part.

**LexisNexis(R) Headnotes**

*Civil Procedure > Pleading & Practice > Defenses, Demurrers, & Objections > Failures to State Claims*
*Civil Procedure > Pleading & Practice > Defenses, Demurrers, & Objections > Motions to Dismiss*
[HN1] A motion to dismiss tests the sufficiency of the complaint, not the merits of the suit. Therefore, the court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in favor of the plaintiff. The court will dismiss a claim only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

*Civil Procedure > Pleading & Practice > Pleadings > Rule Application & Interpretation*
*Labor & Employment Law > Discrimination > Title VII of the Civil Rights Act of 1964 > Amendments*
*Labor & Employment Law > U.S. Equal Employment Opportunity Commission > Enforcement > General Overview*
[HN2] As a general rule, a plaintiff bringing a complaint under Title VII of the Civil Rights Act of 1991, *42 U.S.C.S. § 2000e et seq.* (Title VII), cannot bring claims

in a lawsuit that were not included in his Equal Employment Opportunity Commission (EEOC) charge. However, to bring a claim, a Title VII plaintiff need not allege in an EEOC charge each and every fact that combines to form the basis of each claim in his complaint. The test for determining whether allegations in an EEOC charge support a judicial complaint is satisfied if there is a reasonable relationship between the allegations in the charge and the claims in the complaint, and the claim in the complaint can reasonably be expected to grow out of an EEOC investigation of the allegations in the charge. As a general rule, if a plaintiff asserts a theory of recovery in a judicial complaint that he did not advance in his EEOC charge, then that theory exceeds the scope of the EEOC charge and may not be brought in his federal lawsuit.

*Labor & Employment Law > Discrimination > Disparate Treatment > Employment Practices > Adverse Employment Actions > Discipline*
*Labor & Employment Law > Discrimination > Harassment > Racial Harassment > Employment Practices > Demotions & Promotions*
*Labor & Employment Law > Discrimination > Racial Discrimination > Employment Practices > Demotions & Promotions*
[HN3] A racially motivated failure to promote and discriminatory suspension are inherently different employment actions from refusal to give overtime, unsafe working conditions, and racial harassment.

1999 U.S. Dist. LEXIS 2433, *1

*Civil Rights Law > Private Discrimination*
[HN4] See *42 U.S.C.S. § 1981(a)-(c)*.

*Civil Procedure > Alternative Dispute Resolution > General Overview*
*Civil Procedure > Judgments > Preclusion & Effect of Judgments > Res Judicata*
*Labor & Employment Law > Collective Bargaining & Labor Relations > Arbitration > Awards*
[HN5] Arbitration awards pursuant to collective bargaining agreements do not preclude subsequent litigation of federally protected rights.

*Civil Rights Law > General Overview*
*Labor & Employment Law > Discrimination > Title VII of the Civil Rights Act of 1964 > Amendments*
[HN6] It is well-established that individuals cannot be held liable under Title VII of the Civil Rights Act of 1991, *42 U.S.C.S. § 2000e et seq.*

*Civil Procedure > Pleading & Practice > Pleadings > Rule Application & Interpretation*
*Civil Rights Law > General Overview*
*Labor & Employment Law > Discrimination > Title VII of the Civil Rights Act of 1964 > Amendments*
[HN7] With the exception of *Fed. R. Civ. P. 9(b)*, plaintiffs filing suit under Title VII of the Civil Rights Act of 1991, *42 U.S.C.S. § 2000e et seq.*, may plead conclusions and need not plead facts.

*Civil Rights Law > Contractual Relations & Housing > Equal Rights Under the Law (sec. 1981) > Public Discrimination*
*Civil Rights Law > Private Discrimination*
*Labor & Employment Law > Discrimination > Retaliation > General Overview*
[HN8] A plaintiff does not have to identify constitutional violations to state a valid claim of retaliation under *42 U.S.C.S. § 1981*.

*Civil Rights Law > Immunity From Liability > Local Officials > Customs & Policies*
*Criminal Law & Procedure > Defenses > Immunity & Public Authority*
*Governments > Federal Government > Claims By & Against*
[HN9] The defense of qualified immunity shields

government officials performing discretionary functions from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Qualified immunity is therefore a defense which is "contingent on the state of the law" at the time of the alleged constitutional violation. When the law is settled on a particular point, public employees are expected to conform their conduct accordingly, and they may be held liable when they do not.

**COUNSEL:** For EMMETT E JEFFERSON, plaintiff: John W. Chestnut, Jill Anderfuren, Jeremy R. Kriegel, Tilton, Fallon, Lungmus & Chestnut, Chicago, IL.

EMMETT E JEFFERSON, plaintiff, Pro se, Chicago, IL.

For CITY OF CHICAGO, BUREAU OF WATER OPERATIONS, defendant: Patrick J. Rocks, Jr., Brian L. Crowe, Tracey Renee Ladner, Thaddeus S. Machnik, Lisa C. Leib, City of Chicago, Law Department, Corporation Counsel, Chicago, IL.

For FRANCIS BLAKE, JAMES HALL, JOSEPH BUSKING, MICHAEL SULEWSKI, defendants: Tracey Renee Ladner, City of Chicago, Law Department, Corporation Counsel, Chicago, IL.

**JUDGES:** Ann Claire Williams, Judge.

**OPINION BY:** Ann Claire Williams

**OPINION**

*MEMORANDUM OPINION AND ORDER*

Plaintiff Emmett Jefferson ("Jefferson") is suing the City of Chicago ("City"), the Chicago Bureau of Water Operations ("Bureau"), and various employees of the Bureau in their official and individual capacities for employment discrimination. [1] In count I of his second amended complaint ("complaint"), Jefferson alleges that defendants violated Title VII of the Civil Rights Act of 1991, *42 U.S.C. § 2000e et seq.* [*2] ("Title VII") and *42 U.S.C. § 1981* ("*§ 1981*") when they subjected him to racial slurs, denied him overtime work, and forced him to work in unsafe conditions because of his race, African-American. In count II of his complaint, Jefferson makes the same allegations as count I, but asserts that he was discriminated against because of his color. In count

1999 U.S. Dist. LEXIS 2433, *2

III, Jefferson alleges that defendants violated Title VII and *§ 1981* by retaliating against him for filing administrative charges of employment discrimination when they denied him overtime, suspended him for 5 days without pay, and denied him a promotion. In Count IV, Jefferson alleges that defendants violated *42 U.S.C. § 1983* ("*§ 1983*") both by failing to promote him and by maintaining a policy of not promoting African-Americans. Defendants move to dismiss all allegations in Jefferson's complaint for failure to state a claim upon which relief can be granted. For the following reasons, the court grants in part and denies in part defendants' motion.

> 1   When relevant, the court will refer to each defendant by that defendant's specific name; otherwise, the court will refer to all defendants collectively as "defendants."

[*3] *Analysis*

[HN1] A motion to dismiss tests the sufficiency of the complaint, not the merits of the suit. *Demitropoulos v. Bank One Milwaukee, N.A., 915 F. Supp. 1399, 1406 (N.D. Ill. 1996)* (citing *Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990)).* Therefore, the court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in favor of the plaintiff. *Zinermon v. Burch, 494 U.S. 113, 118, 108 L. Ed. 2d 100, 110 S. Ct. 975 (1990)*; *Colfax Corp. v. Illinois State Toll Highway Auth., 79 F.3d 631, 632 (7th Cir. 1996)* (citation omitted). The court will dismiss a claim only if "it appears beyond doubt that [the plaintiff] can prove no set of facts in support of his claim which would entitle him to relief." *Colfax, 79 F.3d at 632* (quoting *Conley v. Gibson, 355 U.S. 41, 45-46, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957)).*

**I. Dismissal of the Bureau as a Party**

The Bureau first asks the court to dismiss it from this lawsuit because the Bureau is not a suable entity under Illinois law. Jefferson recognizes that the Bureau cannot be sued and does not object to dismissing the Bureau. Therefore, the court grants the Bureau's [*4] motion to dismiss.

**II. Punitive Damages**

The City next asks the court to dismiss all of Jefferson's claims for punitive damages against the

municipal defendants. Jefferson concedes that the law does not permit him to recover punitive damages against the municipal defendants and the court dismisses all punitive damages claims against the City and the employees of the Bureau in their official capacities. Jefferson's complaint does, however, assert claims for punitive damages against defendants Blake, Hall, Sulewski, and Busking in their individual capacities and those claims stand.

**III. Title VII Claims Not Related to Jefferson's EEOC Charges**

All of the defendants move to dismiss Jefferson's Title VII claims that exceed the scope of his two EEOC charges. "[HN2] As a general rule, a Title VII plaintiff cannot bring claims in a lawsuit that were not included in [his] EEOC charge." *Cheek v. Western and S. Life Ins. Co., 31 F.3d 497, 500 (7th Cir. 1994).* However, to bring a claim, a Title VII plaintiff "need not allege in an EEOC charge each and every fact that combines to form the basis of each claim in [his] complaint." *Id.* (citing *Taylor v. Western and S. [*5] Life Ins. Co., 966 F.2d 1188, 1195 (7th Cir. 1992)).* The test for determining whether allegations in an EEOC charge support a judicial complaint is satisfied "if there is a reasonable relationship between the allegations in the charge and the claims in the complaint, and the claim in the complaint can reasonably be expected to grow out of an EEOC investigation of the allegations in the charge." *Cheek, 31 F.3d at 500.* As a general rule, if a plaintiff asserts a theory of recovery in a judicial complaint that he did not advance in his EEOC charge, then that theory exceeds the scope of the EEOC charge and may not be brought in his federal lawsuit. *See id. at 503.*

Defendants first argue that Jefferson's allegations of discrimination on the basis of "color" are not reasonably related to his EEOC charges that asserted "race" and "retaliation" as the basis for his Title VII claims. As this argument relates to Jefferson's Title VII claims of color discrimination, the court agrees. *See Narvarte v. Chase Manhattan Bank, N.A., 969 F. Supp. 10, 12-13 (S.D.N.Y. 1997)*; *Walker v. Secretary of Treasury, 713 F. Supp. 403, 406 (S.D. Ga. 1989).* The court notes, however, that Title [*6] VII's administrative requirements do not apply to Jefferson's "color" discrimination claims under *§ 1981.* Accordingly, the court dismisses only Jefferson's color discrimination claims arising under Title VII and not those under *§ 1981.*

Defendants next contend that Jefferson's Title VII disparate treatment claims that he was suspended and denied a promotion must be dismissed because his EEOC charge made no mention of them. Again, the court agrees with defendants' argument as it pertains to Jefferson's Title VII claims. A careful review of Jefferson's EEOC charges reveals that he never mentioned a five day suspension or a denial of promotion as a basis for his Title VII disparate treatment claims. Instead, Jefferson's EEOC charges are unambiguously limited to claims that he was denied overtime, suffered racial harassment, and was forced to work in unsafe conditions. [HN3] A racially motivated failure to promote and discriminatory suspension are inherently different employment actions from refusal to give overtime, unsafe working conditions, and racial harassment. The court therefore cannot say that "the claim in the complaint can reasonably be expected to grow out of an EEOC investigation [*7] of the allegations in the charge." *Cheek, 31 F.3d at 500.* Accordingly, Jefferson's Title VII claims asserting disparate treatment by failure to promote and discriminatory suspension must be dismissed. This holding applies only to Jefferson's Title VII claims and not his *§ 1981* claims because *§ 1981* does not impose the same procedural requirements as Title VII.

Finally, Jefferson also advances Title VII and *§ 1981* retaliation claims based on his filing of EEOC discrimination charges. In count III of his complaint, Jefferson alleges that defendants retaliated against him for filing his EEOC charges by denying him overtime work, suspending him for five days, and denying Jefferson a promotion to Chief Engineer. Defendants maintain that the court should dismiss Jefferson's Title VII retaliation claim because it is not reasonably based in his EEOC charge. The court disagrees. Both of Jefferson's EEOC charges indicated "Retaliation" as a basis for the charge. Accordingly, a reasonable EEOC investigation most likely would have uncovered the facts that Jefferson now alleges form the basis of this retaliation claim. The court therefore denies defendants' motion to dismiss Jefferson's [*8] Title VII retaliation claims.

## IV. The City's Motion to Dismiss Jefferson's *§ 1981* and *§ 1983* Claims

The City first asks the court to dismiss all of Jefferson's *§ 1981* claims because *§ 1981* does not provide a direct cause of action against state actors.

(Def.'s Mot. to Dismiss at 5-6 n.2.) The City cites *Nolen v. City of Chicago, 1998 U.S. Dist. LEXIS 2711, 97 C 6608, 1998 WL 111675* (N.D. Ill. March 4, 1998) (Plunkett, J.) in support of its argument that Jefferson cannot invoke *§ 1981* against it because it is a state actor. In *Nolen,* Judge Plunkett held that a plaintiff may not assert a *§ 1981* claim directly against a municipality because *Jett v. Dallas Independent School District, 491 U.S. 701, 105 L. Ed. 2d 598, 109 S. Ct. 2702 (1989),* requires that a plaintiff asserting a *§ 1981* claim to bring that claim under *42 U.S.C. § 1983. Nolen,* 1998 WL 11675 at *3-5. Since *Nolen,* at least one other judge in this district has reached the same conclusion. *See Tabor v. City of Chicago, 10 F. Supp. 2d 988, 991-91 (N.D. Ill. 1998)* (Gettleman, J.). The City invites this court to adopt the reasoning and holdings of *Nolen* and *Tabor* and therefore dismiss Jefferson's *§ 1981* claims.

[*9] This court respectfully declines to follow the analysis of the *Nolen* and *Tabor* cases. Instead, this court agrees with the conclusions of Chief Judge Aspen and Judge Castillo that *§ 1981(c)* does create a direct cause of action under *§ 1981* against governmental entities. *See Yohannan v. Patla, 971 F. Supp. 323, 327 (N.D. Ill. 1997)* (Aspen, C.J.); *Jackson v. City of Chicago, 1996 U.S. Dist. LEXIS 19308,* No. 96 C 3636, 1996 WL 734701, at *8 (N.D. Ill. Dec. 18, 1996) (Castillo, J.). The court also finds the Ninth Circuit's analysis of this issue in *Federation of African American Contractors v. City of Oakland, 96 F.3d 1204, 1210-14 (9th Cir. 1996)* persuasive and applicable to this case. Accordingly, the court concludes that Jefferson may allege claims for relief under *§ 1981* directly against the City. [2] *See also Gallardo v. Bd. of Cty. Comm'rs, 857 F. Supp. 783, 786 (D. Kan. 1994); Ford v. City of Rockford, 1992 U.S. Dist. LEXIS 15825,* No. 88 C 20323, 1992 WL 309603, at *3 (N.D. Ill Oct. 15, 1992).

> 2    From a practical standpoint, the distinction between bringing a *§ 1981* claim as a pure *§ 1981* claim and bringing a *§ 1981* claim through *§ 1983* is utterly meaningless. If the court had agreed with the City's argument that *§ 1981* claims must be asserted under *§ 1983,* Jefferson could have cured this defect in his complaint simply by changing a "1" to a "3."

[*10] Relying on Seventh Circuit precedent interpreting *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 122 L.*

*Ed. 2d 517, 113 S. Ct. 1160 (1993)*, the City next asks the court to dismiss Jefferson's *§§ 1981* and *1983* claims for failure to state a claim. The City first argues that the court should dismiss these claims because Jefferson fails to allege facts that establish a policy, practice, or custom that could support a finding of municipal liability. *See Jett v. Dallas Indep. Sch. Dist., 491 U.S. 701, 733, 105 L. Ed. 2d 598, 109 S. Ct. 2702 (1989); Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691, 56 L. Ed. 2d 611, 98 S. Ct. 2018 (1978); Baxter v. Vigo Cty. Sch Dist., 26 F.3d 728, 736 (7th Cir. 1994)*. The City premises its argument on the contention that Jefferson's only allegation of a municipal policy states:

> The longstanding, widespread practice within the City of Chicago Bureau of Water Operations in not promoting qualified African-American candidates to the Chief Engineer position is tantamount to a policy, custom or usage with the force of law of making promotion decisions on the basis of race, in violation of *42 U.S.C.* [*11] *§ 1983*.

(Compl. at P 46.)

If the City were correct that this conclusory allegation is the only support in Jefferson's complaint for his policy claim, the court might be persuaded to dismiss Jefferson's policy claims. However, Jefferson also asserts that during the past 30 years less than 5 African-Americans have been promoted to the position of Chief Engineer. (Compl. at P 41.) Accepting this allegation as true, and drawing all reasonable inferences from this statement in Jefferson's favor, the court finds this sufficient to state a claim of an official policy, custom, or practice. While Jefferson does not allege other relevant facts, such as the number of white and black applicants, the number of positions available, or the qualifications of those applicants, these facts can be revealed in discovery. For purposes of stating a claim upon which relief can be granted, Jefferson has met his burden by alleging that such a small number of African-Americans have been promoted to Chief Engineer over such a long span of time. At the very least, this allegation casts a dark shadow over the City's hiring practices and therefore survives a Rule 12(B)(6) motion to dismiss.

Defendants [*12] also seek to torpedo Jefferson's *§*

*1981* claims on the basis that he has "failed to allege that he was unlawfully denied one of the rights enumerated under *Section 1981*." [HN4] *Section 1981* provides:

### (a) Statement of equal rights

All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

### (b) "Make and enforce contracts" defined

For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

### (c) Protection against impairment

The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law.

*42 U.S.C. § 1981(a)-(c)*.

[*13] Jefferson alleges that defendants violated *§ 1981* when they subjected him to racial slurs, denied him overtime work, and forced him to work in unsafe conditions because of his race, African-American. In count II of his complaint, Jefferson makes the same allegations as count I, but asserts that he was discriminated against because of his color. In count III, Jefferson alleges that defendants violated *§ 1981* by retaliating against him for filing administrative charges of employment discrimination when they denied him overtime, suspended him for 5 days without pay, and denied him a promotion. The court finds that each of these claims sufficiently alleges that defendants violated

Jefferson's right "to make and enforce contracts" as *§ 1981* defines that term. Accepting Jefferson's allegations as true, and drawing all reasonable inferences in Jefferson's favor, the court concludes that Jefferson states viable claims for relief under *§ 1981*.

## V. Motion to Dismiss Arbitrated Claims

Defendants argue that Jefferson's claims arising out of his five day suspension must be dismissed because those claims have been arbitrated, decided against Jefferson, and are therefore res judicata [*14] against Jefferson. The City is wrong. As the Supreme Court thoroughly explained in *Alexander v. Gardner-Denver Company, 415 U.S. 36, 58-60, 39 L. Ed. 2d 147, 94 S. Ct. 1011 (1974)* and *McDonald v. City of West Branch, 466 U.S. 284, 289-93, 80 L. Ed. 2d 302, 104 S. Ct. 1799 (1984)*, [HN5] arbitration awards pursuant to collective bargaining agreements do not preclude subsequent litigation of federally protected rights. The court therefore rejects this argument.

## VI. Grounds for Dismissing the Individual Defendants

The individual defendants first move to dismiss Jefferson's Title VII claims against them. Apparently conceding the point, Jefferson does not even respond to this argument. Because [HN6] it is well-established that individuals cannot be held liable under Title VII, *Williams v. Banning, 72 F.3d 552, 553-54 (7th Cir. 1995)*, the court dismisses all of Jefferson's Title VII claims against the individual defendants.

Defendants also argue that the court should dismiss Jefferson's *§ 1981* claims against them because Jefferson fails to allege specific wrongdoing by the defendants Blake, Hall, and Sulewski. Reading Jefferson's complaint as a whole, and drawing all reasonable [*15] inferences in Jefferson's favor, Jefferson sufficiently alleges wrongdoing against all of the individual defendants. While Jefferson may not have specific knowledge of which individual defendants committed which acts at this time, this does not warrant a dismissal of his claims. Those facts must be fully developed through the discovery process. Dismissing Jefferson's claims at this juncture would be unfair because Jefferson has not had an opportunity to gather detailed facts.

The individual defendants next contends that the court should dismiss Jefferson's official capacity claims against them because the City is also a defendant. The

individuals therefore assert that it would be duplicative to allow official capacity claims against them for the same claims against the City. The problem with this argument, however, is that Jefferson alleges several claims -- some against the City, some against the individuals, and some against both the City and the individuals. In its motion to dismiss, the individuals fail to identify which claims overlap between the City and the Individuals. The court will not do defense counsel's job for them. The court therefore rejects this argument. If defendants [*16] clearly and specifically identify the claims that overlap between the City and the individuals, the court will entertain another motion to dismiss those claims.

Defendants request that the court dismiss Jefferson's claims of "race and/or color discrimination" that rest on the allegation that defendant Busking uttered racial epithets. The individuals argue that Jefferson fails to sufficiently allege a policy or pattern of this type of racial discrimination that could subject them to liability on their official capacities. The court agrees. Although Jefferson never uses the term "racial harassment," it appears that his reference to Busking's racial slurs could serve no other legitimate purpose in this complaint. Because Jefferson fails to identify any other incidents of a racially hostile work environment, the court dismisses Jefferson's official capacity claims based on Busking's alleged remarks.

Citing Jefferson's failure to persistently use the magical phrase "under color of state law," the individuals move the court to dismiss Jefferson's *§ 1981* and *§ 1983* claims. While Jefferson may not have invoked this phrase throughout his complaint, a fair reading of the compliant sufficiently [*17] suggests that Jefferson alleges that the individual defendants committed the acts under color of state law. The court therefore rejects this argument.

## VII. Jefferson's Retaliation Claims

Defendants first argue that the court should limit Jefferson's Title VII retaliation claims to the denial of overtime claim because his EEOC charge conflicts with the allegations in his complaint. However, the court has already held that Jefferson's Title VII retaliation claims are reasonably related to his EEOC charge. *See* Section III, *supra*. The court therefore refuses to limit Jefferson's Title VII retaliation claims to the denial of overtime claim. Nevertheless, defendants persist in contending that Jefferson's specific allegations fail to state a claim of retaliation.

The court finds that Jefferson's complaint does state valid claims for retaliation under Title VII. Specifically, Jefferson alleges that he was: (1) denied overtime for filing charges of discrimination; (2) suspended for 5 days in retaliation for his allegations of discrimination; and (3) denied a promotion in retaliation for his allegations of discrimination. While Jefferson pleads these allegation in a conclusory [*18] fashion, he is certainly entitled to do so. *See Early v. Bankers Life & Cas. Co., 959 F.2d 75, 79 (7th Cir. 1992)* ([HN7] with the exception of *Federal Rule of Civil Procedure 9(b)*, plaintiffs may plead conclusions and need not plead facts). Because Jefferson's Title VII retaliation allegations clearly set forth the basis for his claims, the court denies defendants' motion to dismiss these claims.

Defendants next assert that the court should dismiss Jefferson's *§ 1981* retaliation claims because Jefferson does not "specify any statutory or constitutional provision that was allegedly violated." This argument conveniently overlooks Jefferson's allegations that the retaliation violated Title VII. Defendants' argument therefore fails. In any event, contrary to the City's presumption, [HN8] a plaintiff does not have to identify constitutional violations to state a valid claim of retaliation under *§ 1981. See Carney v. American Univ., 960 F. Supp. 436, 447-48 (D.D.C. 1997)* (stating prima facie elements of *§ 1981* retaliation claim). The court therefore holds that Jefferson states valid claims of retaliation under *§ 1981*.

Defendants next attack Jefferson's *§ 1983* retaliation claim in which [*19] he asserts that defendants denied him a promotion in retaliation for his charges of race discrimination. Defendants contend that the court should dismiss this claim because he does not allege that he was "similarly situated to members of the unprotected class and that he was treated differently."

Contrary to defendants argument, Jefferson's complaint clearly makes the requisite allegations to survive this motion to dismiss. Jefferson's complaint alleges that defendants denied him a promotion because of his race and color. Jefferson also alleges that other white workers were treated more favorably in that the City promoted less-qualified whites instead of him. Based on these allegations, the court finds that Jefferson states a claim for retaliation under *§ 1983*.

## VIII. Qualified Immunity

Almost as an afterthought, the individual defendants claim that the court should dismiss them from this lawsuit because they are entitled to qualified immunity. "[HN9] The defense of qualified immunity shields government officials performing discretionary functions 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights [*20] of which a reasonable person would have known.'" *Smith v. Fruin, 28 F.3d 646, 650 (7th Cir. 1994)* (quoting *Harlow v. Fitzgerald, 457 U.S. 800, 818, 73 L. Ed. 2d 396, 102 S. Ct. 2727 (1982))*; *Marshall v. Allen, 984 F.2d 787, 791 (7th Cir. 1993)*. Qualified immunity is therefore a defense which is "contingent on the state of the law" at the time of the alleged constitutional violation. *Smith, 28 F.3d at 650* (quoting *Elliott v. Thomas, 937 F.2d 338, 341 (7th Cir. 1991))*. "When the law is settled on a particular point, public employees are expected to conform their conduct accordingly, and they may be held liable when they do not." *Smith, 28 F.3d at 650*.

Accepting Jefferson's allegations as true and drawing all reasonable inferences in his favor, the court finds that the individual defendants cannot escape this lawsuit in a motion to dismiss by asserting qualified immunity. Jefferson alleges that defendants committed the disputed civil rights violations throughout mid-1996. This court does not hesitate to conclude that federal law clearly prohibited the conduct that Jefferson alleges defendants committed during the relevant time period. Additionally, if true, defendants' [*21] alleged conduct certainly violated the applicable civil rights statutes. Accordingly, the court denies the individual defendants' motion to dismiss on the basis of qualified immunity.

### Conclusion

Defendants' motion to dismiss [docs. 35-1, 36-1] is granted in part and denied in part. The court instructs the parties to discuss settlement of this case before the next court date.

**ENTER:**

**Ann Claire Williams,**

**Judge**

**Dated:** FEB 24 1999