IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TERRY W. CHELGREN, | ) |
| | ) |
| Plaintiff, | )   Case No. 07 C 6931 |
| | ) |
| v. | ) |
| | ) |
| SOUTH HOLLAND SCHOOL DISTRICT #150, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S REPLY IN SUPPORT OF
RULE 12(b)(6) MOTION TO DISMISS**

NOW COMES Defendant, SOUTH HOLLAND SCHOOL DISTRICT #150 (the "District"), by its counsel, Lanting, Paarlberg & Associates, Ltd., and for its Reply in Support of its Rule 12(b)(6) Motion to Dismiss Plaintiff's Complaint, states the following:

**ARGUMENT**

**Plaintiff has failed to state a claim on which relief can be granted under 42 U.S.C. §1981**

The District concedes Plaintiff, Terry W. Chelgren ("Chelgren"), has rightly argued in her response brief that Northern District courts have recognized a separate right of action under 42 U.S.C. §1981. The decisions cited by Chelgren note that Congress' amendments in §1981(c) effectively overturned the Supreme Court's requirement, set forth in *Jett v. Dallas Independent School District*, 491 U.S. 701 (1989), that §1981 actions must be brought <u>explicitly</u> pursuant to the remedial provisions of 42 U.S.C. §1983.

However, as noted in one of the cases cited by Chelgren, *Jackson v. City of Chicago,* 1996 U.S. Dist. LEXIS 19308 at *29 (N.D. Ill. Dec. 17, 1996), "every court addressing this issue has held that [the amendments to §1981(c)] still leave intact *Jett's* second holding, applying §1983 limits on municipal liability to §1981". After listing a number of such cases, the Court in

*Jackson* goes on to state, "this Court finds the reasoning in the above cases persuasive." *Id*. Indeed, the Northern District has continued to follow—and the Seventh Circuit has affirmed—this reasoning, finding that §1981 claims, though pursued separately and without reference to §1983, must allege facts that demonstrate discrimination pursuant to an official policy or custom.  See *Alexander v. City of Milwaukee*, 474 F.3d 437, 448 (7th Cir. 2007) ("Section 1981, like §1983, also requires a plaintiff to demonstrate an official policy or custom in order to allow for municipal liability); see also *Smith v. Chicago School Reform Board of Trustees*, 165 F.3d 1142, 1148, (7th Cir. 1999) (to recover against a governmental body under §1981, plaintiff must show that the body's official policy or custom was discriminatory); *Gee v. City of Chicago Public Schools*, 2002 WL 554521 at *3-*4 (N.D. Ill. Apr. 15, 2002) (dismissing §1981 action for not sufficiently alleging a discriminatory policy or custom).

    As the District stated in its original brief, Chelgren's complaint does not set forth the specific allegations necessary to state a claim pursuant to the limits on municipal liability imposed by §1983.  Nowhere in her complaint does she allege that the discrimination she has experienced is the result of an official policy or custom of the District.  In order to state a claim under §1981, Chelgren must include specific allegations of municipal policy.  "Boilerplate allegations of a municipal policy, entirely lacking in factual support that a municipal policy does exist, are insufficient." *Jackson v. City of Chicago*, *supra*, citing *Sivard v. Pulaski County*, 17 F.3d 185, 188 (7th Cir. 1994).  As it stands now, Chelgren's complaint does not contain even boilerplate allegations of a discriminatory municipal policy and is clearly insufficient to state a §1981 claim.

    For the reasons set forth above, Chelgren's complaint fails to state a claim on which relief can be granted and should be dismissed.

        Respectfully submitted,

        SOUTH HOLLAND SCHOOL DISTRICT #150

    By:    <u>s/ Russell T. Paarlberg</u>

Lanting, Paarlberg & Associates, Ltd.
Attorney for Defendant
16230 Louis Ave.
South Holland, IL  60473
708-339-1070
ARDC No. 3127576