IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TERRY W. CHELGREN,<br><br>            **Plaintiff,**<br><br>v.<br><br>SOUTH HOLLAND SCHOOL DISTRICT #150,<br><br>            **Defendant.** | No. 07 CV 6931<br><br>Hon. Rebecca R. Pallmeyer<br>Judge Presiding<br><br>Magistrate J. Brown<br><br>**Jury Trial Requested** |

**FIRST AMENDED COMPLAINT**

NOW COMES Plaintiff, TERRY W. CHELGREN, by her counsel, LISA KANE & ASSOCIATES, P.C., and complaining of Defendant, SOUTH HOLLAND SCHOOL DISTRICT #150, states as follows:

**PRELIMINARY STATEMENT**

1.    This action seeks redress for the violation of rights guaranteed to Plaintiff by 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. Plaintiff seeks mandatory injunctive relief, declaratory relief and damages to redress Defendant's discriminatory employment practices.

**JURISDICTIONAL STATEMENT**

2.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1343(a)(3) and (4) and 28 U.S.C. § 1331 to secure protection and redress deprivation of rights secured by 42 U.S.C. § 1981 and 42 U.S.C. § 2000e et seq. Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

**VENUE**

3.    Venue is proper under 28 U.S.C. §§ 1391(b)(1) and (2).

**PARTIES**

4. Plaintiff, TERRY W. CHELGREN, is a Caucasian citizen of the United States who resides in Indiana.

5. Defendant, SOUTH HOLLAND SCHOOL DISTRICT #150, is a municipal corporation incorporated under the laws of the State of Illinois, and presently is comprised of Greenwood Elementary School, McKinley Elementary School, and McKinley Junior High School. Defendant is an employer for the purposes of 42 U.S.C. § 2000e(b) as Defendant has continuously and does now employ more than fifteen (15) employees.

**PROCEDURE**

6. Plaintiff filed a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") on November 14, 2007. On January 22, 2008, the U.S. Department of Justice, Civil Rights Division, issued Plaintiff a Notice of Right to Sue, which Plaintiff received on January 28, 2008. The Notice of Right to Sue entitles Plaintiff to initiate a civil action in the appropriate forum within ninety (90) days of the receipt of said Notice. Plaintiff has initiated this action within said ninety (90) day period.

**COUNT I – 42 U.S.C. § 1981- RACE DISCRIMINATION**

7. Paragraphs one (1) through six (6) are incorporated by reference as if fully set out herein.

8. Plaintiff began working for Defendant in August 1994 as a Library Aide. Two years later, Defendant promoted Plaintiff to Librarian, a position which she held until 2006.

9. Throughout her tenure with Defendant, Plaintiff has performed to Defendant's reasonable satisfaction at any times material hereto, as evidenced by, without limitation, Plaintiff's performance evaluations and Defendant's annual renewal of her position as Librarian throughout her

2

employment.

10. In April 2006, following a successful ten (10) year tenure in the position, Defendant required Plaintiff to submit a resume and participate in an interview to maintain her position as the school's Librarian.

11. Throughout her tenure as the Librarian, Defendant had never requested that Plaintiff undergo an interview or submit a resume to renew her contract.

12. During the interview conducted by George Harris, the African-American Principal of McKinley Elementary and Junior High School, and Michelle Coleman, the African-American Vice-Principal, Defendant informed Plaintiff of a state requirement mandating that the Librarian possess a Library Sciences degree.

13. In the meeting, Defendant refused to consider Plaintiff's application for the position of Librarian, despite her representation that she would pursue the required degree at her own expense.

14. In actuality, the state requirement allows that if the Librarian does not possess a Library Science degree, the teacher can continue in the position based on their representation of a willingness to go back to school and obtain the degree, which Plaintiff clearly demonstrated during her interview with Principal Harris and Vice-Principal Coleman.

15. Following the meeting, Defendant demoted Plaintiff to the position of Library Aide, the role Plaintiff held prior to her ten (10) year tenure as Librarian, for the purported reason of her lack of a Library Sciences degree. The position of Library Aide is compensated significantly less than that of a Librarian.

16. Defendant replaced Plaintiff as Librarian with Bernetta Smith, an African-American employee with little or no relevant experience managing a school library and who never tendered

Defendant a Library Science degree certificate, despite Defendant's requirement to Plaintiff that she produce evidence of such a degree.

17. In the 2006-2007 school year, newly appointed Librarian Smith quickly demonstrated her inability to perform even the most basic tasks and responsibilities of her position, including but not limited to:

   a. being unable to properly maintain library records;

   b. being unable to properly account for the school's inventory of books; and

   c. being unable to assist students with navigating the library.

18. As a result of Librarian Smith's inability to complete her responsibilities, Plaintiff was forced to perform both the roles of Librarian and Library Aide, despite being compensated at only approximately one-half (½) of Librarian Smith's salary.

19. Throughout the 2006-2007 school year, Plaintiff placed complaints to Defendant's Principal and Vice-Principal regarding Librarian Smith's inability to effectively manage the library.

20. Based on Plaintiff's complaints, Principal Harris requested that Librarian Smith perform a few rudimentary library tasks in his presence, which she failed to complete.

21. During the same 2006-2007 school year, allegations arose of Librarian Smith's misappropriation of $600.00 from a scholastic book fair, which ultimately resulted in Smith reimbursing the school for the missing amount following an investigation.

22. Following the 2006-2007 school year, Defendant underwent its annual process of determining whether to renew the contracts of its employees or to seek replacements.

23. Prior to the decision of whether to retain Ms. Smith as the Librarian, Plaintiff met with Vice President Coleman and informed Coleman of her desire to be re-appointed to the position of Librarian. In response, Coleman instructed Plaintiff to pursue a Library Sciences Degree, which

Plaintiff agreed to do.

24. Further, as confirmed by a conversation with Nina Graham, School Board Member, it was discovered that Librarian Smith did not possess a Library Sciences degree and had falsified her resume to the school, which is cause for immediate termination.

25. Despite Defendant's knowledge of Librarian Smith's performance deficiencies and falsification of her resume, and despite Plaintiff's vastly superior experience and qualifications, Defendant chose to renew Librarian Smith's contract and again relegated Plaintiff to the position of Library Aide.

26. Since choosing to retain Librarian Smith over Plaintiff, Defendant's library has continued to deteriorate based on Smith's inability to perform her responsibilities, including but not limited to:

    a. failing to renew magazine subscriptions;

    b. failing to order books per student requests;

    c. failing to order library supplies; and

    d. allowing a large backlog of unprocessed books to accumulate in the office's back cabinets.

27. Based on Defendant's continued employment of a lesser qualified African-American librarian, Plaintiff complained to Defendant's Superintendent, Jerry Jordan, of the disparate treatment and the resulting effect on the school's library, to no avail.

28. Evidencing her inability to complete the duties and responsibilities of the Librarian position, on December 3, 2007, Librarian Smith resigned her position of employment with Defendant.

29. Defendant's purported explanation for demoting Plaintiff in 2006 and failing to re-

appoint Plaintiff to the Librarian position in 2007 remain a pre-text for discrimination as Plaintiff possessed vastly superior qualifications and experiences than Ms. Smith, Defendant did not require Smith to produce evidence of her Library Sciences degree, and Plaintiff complied with the state requirement by indicating a willingness to pursue the Library Sciences degree.

30. The aforementioned acts and omissions of Defendant constitute intentional discrimination against Plaintiff on the basis of her race, Caucasian, by subjecting her to a racially discriminatory work environment and have deprived Plaintiff of the enjoyment of all benefits, privileges, terms and conditions of her employment in violation of 42 U.S.C. § 1981.

31. As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered injury, including, but not limited to, lost and foregone wages and physical and emotional harm.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, TERRY W. CHELGREN, prays for judgment against Defendant and respectfully requests that this Court:

A. Declare the conduct of Defendant to violate the rights guaranteed to Plaintiff under appropriate Federal Law;

B. Grant a permanent injunction restraining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice which unlawfully discriminates on the basis of race;

C. Order Defendant to make whole TERRY W. CHELGREN by providing the affirmative relief necessary to eradicate the effects of Defendant's unlawful practices;

D. Grant Plaintiff actual, consequential, compensatory, punitive and any other damages that the Court may deem appropriate against Defendant;

    E.      Order Defendant to pay lost, foregone, and future wages to TERRY W. CHELGREN;

    F.      Grant Plaintiff her attorney's fees, costs, disbursements; and

    G.      Grant Plaintiff such further relief as the Court deems necessary and proper in the public interest.

## COUNT II – TITLE VII - RACE DISCRIMINATION

32.    Paragraphs one (1) through twenty-nine (29) are incorporated by reference as if fully set out herein.

33.    The aforementioned acts and omissions of Defendant constitute unlawful discrimination against Plaintiff on the basis of her race, Caucasian, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

34.    As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered injury, including, but not limited to, lost and foregone wages and benefits, and physical and emotional harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, TERRY W. CHELGREN, prays for judgment against Defendant and respectfully requests that this Court:

    A.      Declare the conduct of Defendant to violate the rights guaranteed to Plaintiff under appropriate Federal Law;

    B.      Grant a permanent injunction restraining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice, which unlawfully discriminates on the basis of race;

    C.      Order Defendant to make whole TERRY W. CHELGREN by providing the

      affirmative relief necessary to eradicate the effects of Defendant's unlawful practices;

D.     Grant Plaintiff actual, consequential, compensatory, punitive and any other damages that the Court may deem appropriate against Defendant;

E.     Order Defendant to pay lost, foregone, and future wages to TERRY W. CHELGREN;

F.     Grant Plaintiff her attorney's fees, costs, disbursements; and

G.     Grant Plaintiff such further relief as the Court deems necessary and proper in the public interest.

## JURY TRIAL DEMAND

35.     Plaintiff requests a jury trial on all issues of fact and law raised by the allegations in this complaint.

                            Respectfully submitted,
                            TERRY W. CHELGREN, Plaintiff,


                      By:  s/Lisa Kane
                             Lisa Kane, Attorney for Plaintiff

LISA KANE & ASSOCIATES, P.C.
Attorney for Plaintiff
120 South LaSalle Street, Suite 1420
Chicago, Illinois 60603
(312) 606-0383
Attorney Code No. 06203093