IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TERRY W. CHELGREN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 07 C 6931 |
| | ) | |
| v. | ) | |
| | ) | |
| SOUTH HOLLAND SCHOOL DISTRICT #150, | ) ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**

NOW COMES Defendant, SOUTH HOLLAND SCHOOL DISTRICT #150, by its counsel, Lanting, Paarlberg & Associates, Ltd., and for its Answer and Affirmative Defenses to Plaintiff's First Amended Complaint, states as follows:

1. Defendant admits the allegations in paragraph 1.

2. Defendant admits the allegations in paragraph 2.

3. Defendant admits the allegations in paragraph 3.

4. Defendant admits the allegations in paragraph 4.

5. Defendant admits the allegations in paragraph 5.

6. Defendant has no knowledge of the date of Plaintiff's filing of a complaint with the EEOC. Defendant has never received any notification from the EEOC, and Defendant's only knowledge of any action filed with the EEOC is based on the letter attached as an exhibit to Plaintiff's First Amended Complaint.

**COUNT I – 42 U.S.C. § 1981 – RACE DISCRIMINATION**

7. Paragraphs one (1) through six (6) are incorporated by reference as if fully set out herein.

8. Defendant admits that Plaintiff began working for Defendant in August 1994 as a Library Aide. Defendant denies the remaining allegations in paragraph 8.

9. Defendant admits that Plaintiff performed to Defendant's reasonable satisfaction. Defendant denies the remaining allegations in paragraph 9.

10. Defendant denies the allegations in paragraph 10.

11. Defendant denies the allegations in paragraph 11.

12. Defendant admits that Plaintiff was informed of new requirements imposed by the No Child Left Behind Act. Defendant denies the remaining allegations in paragraph 12.

13. Defendant denies the allegations in paragraph 13.

14. Defendant denies the allegations in paragraph 14.

15. Defendant admits that the position of Library Aide is compensated less that that of a Librarian. Defendant denies the remaining allegations in paragraph 15.

16. Defendant admits that it employed Bernita Smith. Defendant denies the remaining allegations in paragraph 16.

17. Defendant denies the allegations in paragraph 17.

18. Defendant denies the allegations in paragraph 18.

19. Defendant admits the allegations in paragraph 19.

20. Defendant denies the allegations in paragraph 20.

21. Defendant objects to the allegations in paragraph 21 based on relevance and therefore declines to answer them.

22. Defendant admits the allegations in paragraph 22.

23. Defendant denies the allegations in paragraph 23.

24. Defendant denies the allegations in paragraph 24.

25. Defendant denies the allegations in paragraph 25.

26. Defendant denies the allegations in paragraph 26.

27. Defendant admits that Plaintiff complained to Defendant's Superintendent. Defendant denies the remaining allegations in paragraph 27.

28. Defendant denies the allegations in paragraph 28.

29. Defendant denies the allegations in paragraph 29.

30. Defendant denies the allegations in paragraph 30.

31. Defendant denies the allegations in paragraph 31.

### PRAYER FOR RELIEF

WHEREFORE, Defendant, South Holland School District #150, requests that Count I of Plaintiff's Complaint be dismissed with prejudice, and for all other just and proper relief.

### COUNT I – TITLE VII – RACE DISCRIMINATION

32. Paragraphs one (1) through twenty-nine (29) are incorporated by reference as if fully set out herein.

33. Defendant denies the allegations in paragraph 33.

34. Defendant denies the allegations in paragraph 34.

### PRAYER FOR RELIEF

WHEREFORE, Defendant, South Holland School District #150, requests that Count II of Plaintiff's Complaint be dismissed with prejudice, and for all other just and proper relief.

### DEFENDANT'S FIRST AFFIRMATIVE DEFENSE

Defendant's decision not to hire Plaintiff for the position of Librarian was not motivated by her race, but rather by her total lack of necessary qualifications for the position under state and federal requirements. Contrary to Plaintiff's allegations, Defendant never employed Plaintiff

as a Librarian, but always as a Library Aide.  During the entire period of her employment with Defendant, Plaintiff worked only two (2) days a week in her position as Library Aide.  Another Library Aide worked the other three (3) days of the week.  Moreover, upon the information and belief of Defendant, Plaintiff has never completed even one (1) hour of education toward a Master of Library Science degree, which degree is a necessary qualification for the Librarian position.

### DEFENDANT'S SECOND AFFIRMATIVE DEFENSE

Defendant's decision to hire Bernita Smith for the position of Librarian was not motivated by her race, but rather by her demonstrated qualifications the under state and federal requirements.  Contrary to Plaintiff's allegations, prior to being hired, Bernita Smith furnished Defendant with ample evidence of her qualifications for the position of Librarian, including her Chicago State University transcript indicating that she earned a Master of Library Science degree in 2001.

### DEFENDANT'S THIRD AFFIRMATIVE DEFENSE

Contrary to Plaintiff's allegations that Defendant has created a racially discriminatory work environment, Defendant employs more Caucasian teachers than African-American teachers, has a consistent record of hiring qualified Caucasian and African-American teachers, and seeks to employ a diverse, highly qualified faculty through fair and non-discriminatory application and hiring procedures.

    Respectfully submitted,

    SOUTH HOLLAND SCHOOL
    DISTRICT #150

    By:    s/ Russell T. Paarlberg

- 5 -

Lanting, Paarlberg & Associates, Ltd.
Attorney for Defendant
16230 Louis Ave.
South Holland, IL  60473
708-339-1070
ARDC No. 3127576

- 5 -